**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT OF THE 20TH JUDICIAL DISTRICT BOULDER COUNTY, STATE OF COLORADO<br>Court Address:   1777 Sixth Street<br>                 Boulder, Colorado 80302<br>Phone Number:   (303) 441-3750 | DATE FILED: May 17, 2019 8:47 PM<br>FILING ID: D18F23E171887<br>CASE NUMBER: 2019CV30489 |
| Plaintiff:<br><br>**LIZBETH MORALES**<br><br>v.<br><br>Defendants:<br><br>**SAM'S CLUB; SAM'S WEST, INC., SAM'S CLUB EAST, INC.**, Corporations incorporated under the laws of the State of Arkansas and doing business in the State of Colorado;<br><br>and **WAL-MART STORES, INC.**, a Corporation incorporated under the laws of the State of Delaware and doing business in the State of Colorado;<br><br>and **VERIZON CREDIT, INC.**, a Corporation incorporated under the laws of the State of Delaware and doing business in the State of Colorado. | ▲ Court Use Only ▲ |
| *Counsel for Plaintiff:*<br>The Murphy Law Firm, LLC<br>Brian A. Murphy, Esq., No. 30918<br>10200 West 44th Avenue, Suite 340<br>Wheat Ridge, Colorado 80033<br>Phone: (303) 316-0813<br>Fax:   (303) 320-0827<br>Email: Brian@brianmurphy.net | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

   COMES NOW the Plaintiff, **Lizbeth Morales**, ("Plaintiff") by and through undersigned counsel, The Murphy Law Firm, LLC, and states her Complaint against the above-named Defendant as follows:

**EXHIBIT A**

## JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Lizbeth Morales is a resident of and domiciled in Lakewood, Colorado, with a residence address of 8249 West Virginia Avenue, Lakewood, Colorado 80226.

2. Upon information and belief, "Sam's Club" is a tradename owned by Defendant Sam's West, Inc., under which it does business at the location of the fall which is the subject of this lawsuit.

3. Upon information and belief, at all times relevant hereto, Defendant Sam's West, Inc., was and/or is a Foreign Corporation incorporated under the laws of the State of Arkansas and doing business in the State of Colorado, with its principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716.

4. Upon information and belief, at all times relevant hereto, Defendant Sam's East, Inc.,) was and/or is a Foreign Corporation incorporated under the laws of the State of Arkansas and doing business in the State of Colorado, with its principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716.

5. Upon information and belief, at all times relevant hereto, Defendant Wal-Mart Stores, Inc., (hereinafter Wal-Mart) was and/or is a Foreign Corporation incorporated under the laws of the State of Delaware and doing business in the State of Colorado, with its principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716.

6. Upon information and belief, the Sam's Club store in Littleton, Colorado, Store No. 6635, located at 4827 South Wadsworth Boulevard, is owned and operated by Sam's West, Inc. and/or Sam's East, Inc., which are both wholly owned divisions of Wal-Mart, Inc., (hereinafter referred to as "Defendant Sam's Club")

7. Upon information and belief, at all times relevant hereto, Defendant Verizon Credit, Inc., (hereinafter Defendant Verizon Credit) was and/or is a Foreign Corporation incorporated under the laws of the State of Delaware, and doing business in the State of Colorado, with its principal place of business located at 6929 North Lakewood Avenue, Room 5.3-6069, Tulsa, Oklahoma 74117.

8. Jurisdiction and Venue are proper in this Court pursuant to C.R.C.P. 98(c). This Court has personal and subject matter jurisdiction over the parties and premises of this action.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates all previous allegations as if fully set forth herein.

**EXHIBIT A**

10. At all times relevant hereto, Defendant Sam's Club and Defendant Verizon Credit did own and/or operate and/or possess and/or maintain and/or repair and/or control the "premises" located at or near 4827 South Wadsworth, Littleton, Colorado 80123, Store No. 6635, on and/or prior to the date of Plaintiff's incident on or about May 19, 2017.

11. At all times relevant hereto, Plaintiff is the proper party to bring this action.

12. Plaintiff entered the premises based on Defendant's representations that members and the public is requested, expected, or intended to enter or remain on the premises.

13. At all times relevant herein and on or about May 19, 2017, Plaintiff Lizbeth Morales, who was an "invitee" shopping at the aforesaid "premises" of Defendant Sam's Club, was caused to suddenly, without warning and with great force, slip and/or trip and/or fall upon said premises' floor and/or floor mat upon which there was a great danger and/or hazard present, including but not limited to a slippery substance(s) and/or water [collectively, "the premises"], and thereupon causing Plaintiff serious and/or permanent injuries and economic and noneconomic damages and losses as hereinafter more fully alleged.

14. At all times relevant hereto, Defendant Sam's Club and Defendant Verizon Credit are liable to Plaintiff in that said Defendants owed a duty to make certain the aforesaid "premises" were safe for any and all invitees on its "premises" including Plaintiff Lizbeth Morales.

15. As a result of hazards, dangers and/or defective conditions created and/or allowed to be caused and/or remain on the aforesaid "premises" of and by Defendant Sam's Club and Defendant Verizon Credit without adequate and proper repair and/or remedy and/or maintenance and/or control by Defendant Sam's Club, Defendant Wal-Mart and Defendant Verizon Credit and/or by and through their agents, servants and/or employees on and/or prior to May 19, 2017, the Plaintiff Lizbeth Morales on or about May 19, 2017 sustained serious and/or permanent injuries, impairments, damages, and incurred reasonable and necessary medical expenses and additional economic and noneconomic losses and damages as hereinafter more fully alleged.

16. At all times material hereto Defendant Sam's Club, Defendant Wal-Mart and Defendant Verizon Credit and/or by and through its agents, servants and/or employees, were negligent and/or failed to use reasonable care to provide for and/or keep the aforesaid "premises" in a reasonably safe condition and further to protect invitees, including Plaintiff Lizbeth Morales against hazards, dangers and/or defective conditions that said Defendants and/or by and through their agents, servants and/or employees, knew, or in exercise of reasonable care should have known existed on the aforesaid "premises" prior to Plaintiff's incident on or about May 19, 2017.

17. Plaintiff was not contributorily negligent in causing the incident or her injuries and damages.

**CLAIM FOR RELIEF**
**Statutory Premises Liability Pursuant to C.R.S. 13-21-115**

18. Plaintiff Lizbeth Morales adopts and re-avers all previous allegations as if set forth

**EXHIBIT A**

herein.

19.     Defendant Sam's Club, Defendant Wal-Mart and Defendant Verizon Credit are liable to Plaintiff in that said Defendants and/or by and through their agents, servants and/or employees owed a duty to the public, invitees including Plaintiff Lizbeth Morales to provide safe egress and ingress throughout its retail store; and said Defendants knew or should have known of the said dangers, hazards and/or defective conditions on the aforesaid "premises", including but not limited to the hazards on its floors which also included its retail floors, retail floor space and public walkways in and about its store and for which dangers and/or other hazards that were allowed by said Defendants to become present and/or remain on its premises, which caused Plaintiff to be injured thereon on or about May 19, 2017, and was and is a direct and proximate result of Plaintiff Lizbeth Morales' serious and/or permanent impairment and/or injuries and/or economic and noneconomic damages.

20.     Defendant Sam's Club, Defendant Wal-Mart and Defendant Verizon credit were negligent in that they did not take reasonable steps to keep said "premises" in a reasonably safe condition for the general public and invitees including the Plaintiff, and/or failed to warn said Plaintiff of the dangers and/or defective and/or hazardous conditions on said "premises" and/or failed to inspect said "premises" prior to Plaintiff Lizbeth Morales' incident when a reasonable inspection would have otherwise revealed the dangers, hazards and/or defective conditions thereon prior to Plaintiff's incident on or about May 19, 2017.

21.     At all times material hereto Defendants are liable to the Plaintiff Lizbeth Morales in that Defendants were and are a "landowner" pursuant to Colorado Revised Statute 13-21-115(1); and pursuant to Colorado Revised Statutes 13-21-115(c)(I).

22.     Plaintiff as an invitee, may recover damages against Defendants caused by the landowners' unreasonable failure to exercise reasonable care to protect against dangers of which Defendant actually knew or should have known and/or landowners' unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew.

23.     Plaintiff falls into the category of individuals to be protected under said statute, Colorado Revised Statute 13-21-115.

24.     Defendant Sam's Club, Defendant Wal-Mart and Defendant Verizon Credit owed a duty but failed in its duty to invitee Plaintiff on the aforementioned "premises" prior to the subject incident:

> a. to reasonably keep the "premises" of which it controlled, including but not limited to its retail floor and/or floor space and public walkways and/or floor mats in its retail store and entrances and/or exits, being traversed and/or for ingress and egress by its public, invitees including Plaintiff, dry, inhabitable and safe against dangers, hazards and/or defects, including but not limited to slippery substances and/or water and/or floor mats which may be caused to be present; and/or

4

    b. to reasonably inspect the "premises", including but not limited to its retail floor and/or floor space and public, invitee walkways and/or floor mats in its retail store and entrances and/or exits, against dangers, hazards and/or defects which may be present; and/or

    c. to remedy and/or correct any and/or all dangers, hazards and/or defects on the "premises" including but not limited to its retail floor and/or floor space and/or floor mats and public invitee walkways and entrances and/or exits in its retail store; and/or

    d. to operate and/or maintain the "premises" including but not limited to its retail floor and/or floor space and/or floor mats and public invitee walkways and entrances and/or exits and/or structures in a reasonably safe condition; and/or

    e. to reasonably possess, control, maintain, store, display, protect, handle, clean and/or remedy the "premises", including but not limited to its liquid products and/or water and/or floor mats in a reasonably safe manner for the public, invitees including Plaintiff; and/or

    f. to warn Plaintiff, Lizbeth Morales, against any and all dangers, hazards and/or defective conditions which may be present in and about said "premises".

25. Defendants by and through their agents, servants and/or employees at all times material hereto knew of, or should have known of said dangers, hazards and/or defects aforesaid; but said Defendants unreasonably failed to use reasonable care to protect invitee Plaintiff Lizbeth Morales against said hazards, dangers and/or defects on the "premises" as aforesaid; and as a direct and proximate result thereof, Plaintiff Lizbeth Morales sustained injuries and economic and noneconomic damages and losses heretofore and hereinafter set forth.

26. At all times material hereto Defendants failed in their obligations to the general public and those invitees on the said subject "premises" including Plaintiff to supervise, train, adequately and properly supervise and train its agents, servants and/or employees in the proper and safe operation, inspection, control, maintenance and/or remedy against dangers, hazards and/or defective conditions on their "premises" as aforesaid.

27. As a direct and proximate result of the acts of Defendants, by and through their agents, servants and/or employees as aforesaid, the Plaintiff Lizbeth Morales, has suffered injuries and economic and noneconomic and special damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, and/or past and future pain and suffering, emotional injury, and loss of enjoyment of life.

28. Plaintiff Lizbeth Morales's injuries, losses and damages are either permanent and/or continuing in nature.

**EXHIBIT A**

29.     Plaintiff Lizbeth Morales sues Defendants for compensatory damages, economic, noneconomic and/or special damages, including but not limited to prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses totaling approximately $12,273.28, plus past and future pain and suffering, emotional injury and loss of enjoyment of life, and all other damages allowable by law.

30.     Plaintiff requests this Honorable Court enter judgment in his favor against Defendants for an amount to be determined and/or fixed by the trial court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees (if provided by statute) and for the following: A monetary award representing a reasonable amount of compensatory damages; and court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure; and interest from the date of the incident; and such other and further relief as this Honorable Court deems proper.

### JURY DEMAND

Trial to a jury of six is demanded on all issues so triable.

**WHEREFORE,** Plaintiff, Lizbeth Morales, asks the Court to award her compensatory damages, economic, noneconomic and special damages, including but not limited to prescription medications, medical services, permanent physical disfigurement and impairment, past and future medical expenses and/or past and future pain and suffering, emotional injury and, loss of enjoyment of life and requests that this Honorable Court enter judgment in her favor against Defendants for an amount to be determined and/or fixed by the trial court, together with pre and post judgment interest as provided by law, court costs, and for the following:

1. A monetary award representing a reasonable amount of compensatory damages;

2. Court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure;

3. Interest from the date of the accident; and

4. Such other and further relief as this Honorable Court deems proper.

Respectfully submitted this __17th__ day of __May__, 2019.

By:     */s/ Brian A. Murphy*
        Brian A. Murphy, Esq., No. 30918
        The Murphy Law Firm, LLC
        10200 West 44th Avenue, Suite 340

**EXHIBIT A**

        Wheat Ridge, Colorado 80033
        Phone: (303) 316-0813
        Attorneys for Plaintiff Morales
        *Signed Original Available For Inspection*

<u>Plaintiff's Address</u>:
8249 West Virginia Avenue
Lakewood, Colorado 80226